# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00176-CR

**Dustin Ray Randig, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
## NO. 17-1846-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dustin Ray Randig pleaded guilty to unlawful possession of a firearm by a felon. *See* Tex. Penal Code § 46.04(a). Arising out of the same events underlying this case, Randig was also indicted and convicted by a jury for possession of methamphetamine with intent to deliver, in an amount of 200 grams or more but less than 400 grams. The firearm charge was severed from the drug-possession charge. Randig's appeal of his drug-possession conviction is docketed in this Court as *Dustin Ray Randig v. The State of Texas*, No. 03-19-00083-CR. Concurrently with this opinion, we issue our opinion in the separate appeal.

In his prosecution for unlawful possession of a firearm, Randig moved to suppress evidence seized when he was arrested. At the hearing on the motion, the trial court, with the parties' agreement, admitted all evidence from the drug-possession trial. Based on that evidence, the trial court denied the motion to suppress. The trial court admonished Randig about the effects of his guilty plea, allowed him to preserve his suppression issue for appeal, and entered judgment

on the guilty plea. In a sole appellate issue, Randig contends that the trial court abused its discretion by denying his motion to suppress. We affirm.

## BACKGROUND[1]

Deputy Jeremy Jones of the Williamson County Sheriff's Office was patrolling early one morning when he pulled over a car for a malfunctioning headlight. The driver did not have his driver's license and could not remember his driver's-license number. The car's passenger, Randig, did have his license, and Deputy Jones also noticed a black backpack on the floorboard between Randig's legs. Deputy Jones ran Randig's license, discovered an outstanding felony warrant for his arrest, and called for backup. Sheriff's Deputy Michael Netherton soon arrived to help detain Randig. After they approached the car, the deputies had the driver and Randig get out. Deputy Jones handcuffed the driver, took him back to his patrol car and spoke to him there, and asked for consent to search the car. The driver refused consent because the car was Randig's. Deputy Netherton approached the passenger side of the car and saw the black backpack on the floorboard between Randig's feet. Randig was "clutching" the backpack with his right hand. The officers arrested Randig on the felony warrant. They would not release the car, which was Randig's, because it was parked in an unsafe spot; the driver did not have his license; and there was no driver with a valid license available to take the car. The officers, under Sheriff's Office policy, therefore needed to impound the car, which required them to inventory its contents.

While Deputy Jones was in his patrol car with Randig, Deputy Netherton conducted the inventory. He first noticed loose rounds of ammunition on the front-passenger-side floorboard.

---

[1] The Background facts come from the evidence from Randig's trial for possession with intent to deliver because the trial court here admitted all that evidence for purposes of Randig's motion to suppress.

2

He asked Randig if there was a handgun in the car, but Randig simply shrugged. He then looked inside the closed black backpack that had been between Randig's legs on the front floorboard. Inside "were several clear plastic baggies that contained . . . a white or clear crystal-like substance" that the officers thought to be methamphetamine plus a digital scale.

Deputy Netherton found elsewhere a loaded .45-caliber semiautomatic on the rear-passenger-side floorboard, a revolver in the trunk, and more ammunition in the car's center console and the trunk.

The State indicted Randig for unlawful possession of a firearm by a felon. He moved to suppress evidence seized during his arrest. At the hearing on the motion, the trial court, with the parties' agreement, admitted all the evidence from Randig's drug-possession trial and then denied the motion to suppress. Randig pleaded guilty to unlawful possession of a firearm but reserved his suppression issue for this appeal.

**DISCUSSION**

In his sole issue, Randig contends that the trial court abused its discretion by denying his motion to suppress because his "constitutional rights were violated when the arresting officer searched a closed backpack that was seized from [Randig]'s vehicle without a warrant or consent." The arguments made in his appellate brief are limited to evidence seized from the backpack. In his brief, Randig mistakenly argues that the weapons were in the backpack and argues only that the seizure from the backpack was unlawful. He begins by recapping the testimony about Deputy Netherton's opening the closed black backpack. He then raises his trial-court objection under *Autran v. State*, 887 S.W.2d 31 (Tex. Crim. App. 1994) (plurality op. of Baird, J.), in which the Court of Criminal Appeals, he argues, adopted "a heightened expectation of privacy in sealed containers" like packages or luggage under the Texas Constitution than exists

3

under the Fourth Amendment.[2]  He quotes from Judge Baird's *Autran* plurality opinion: "We refuse to presume the search of a closed container reasonable under art. I, § 9 simply because an officer followed established department policy."  *See* 887 S.W.2d at 42.  He then relies on *Autran*, alone, to argue that "[s]uch is the case here" and that Deputy Netherton therefore violated Randig's constitutional right against unreasonable seizure by "search[ing] a closed backpack in which [Randig] had a right to privacy."  He suggests that the officer should have "obtained a warrant if he thought he had probable cause to search the backpack."  But because the officers did not do so, he argues, "none of the evidence seized from the backpack should have been admitted."  Citing only to the plurality opinion in *Autran*, he concludes: "Because the evidence from the backpack found in [Randig]'s vehicle was seized illegally and because that evidence was put before the jury, the trial court abused its discretion in denying [Randig]'s Motion to Suppress."

The evidence from Randig's drug-possession trial showed that officers found the methamphetamine and digital scale in his backpack, which was on his car's front-passenger floorboard, but found the two firearms elsewhere—one on the rear-passenger floorboard and one in the trunk.  The firearms were not found in the backpack.

Randig's arguments, if meritorious, would result in suppression of the methamphetamine and digital scale because those are all the items that were in the backpack.  But suppressing evidence of the methamphetamine and digital scale, rather than that of the firearms, is irrelevant to Randig's charge here—unlawful possession of a firearm by a felon.  We therefore

---

[2] The Court of Criminal Appeals has since declined to follow *Autran*, bringing Texas "caselaw back into line with the Supreme Court's interpretations of the Fourth Amendment." *Holder v. State*, 595 S.W.3d 691, 698 n.15 (Tex. Crim. App. 2020); *see also Hankston v. State*, 517 S.W.3d 112, 118 n.31 (Tex. Crim. App. 2017) ("Since *Autran* was a plurality decision, it is not binding precedent."), *cert. granted, judgm't vacated on other grounds because of intervening authority, sub nom. Hankston v. Texas*, 138 S. Ct. 2706 (2018).

4

need not address Randig's appellate arguments about the backpack because, even assuming that the trial court should have suppressed the evidence seized from the backpack, refusing to do so was harmless here. *See* Tex. R. App. P. 44.2(a) (setting forth constitutional-harm standard, under which reviewing courts "must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment"); *Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) (holding that "the harm analysis for the erroneous admission of evidence obtained in violation of the Fourth Amendment must be Rule 44.2(a)'s constitutional standard"). We have "evaluate[d] the entire record in a neutral manner and not in the light most favorable to the prosecution," and we conclude that there is no "reasonable possibility that the error might have contributed to the conviction." *See Love v. State*, 543 S.W.3d 835, 846 (Tex. Crim. App. 2016) (internal quotations omitted). The evidence here of the methamphetamine and digital scale would not have had a "probable impact on [a] jury in light of the existence of other evidence"—specifically, the firearms, which Randig's appellate arguments do not reach. *See id.* As a result, we overrule Randig's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:  February 4, 2021

Do Not Publish

5